No. 868

HOWARD v. CENTRAL NAT. BANK

Ohio Appeals, 4th Dist., Washington Co.

Decided Feb. 20, 1926

261.   COMMON LAW MARRIAGE — 1. Whether or not a common law marriage exists, is to be determined by laws of the state wherein it was consummated.

2.   Although surviving party of common law marriage testifies to terms of contract, evidence of reputation and co-habitation in favor of child of parties to prove such marriage is admissible.

3.   Words in "presenti" need not be used by both parties, the declaration by the man and acquiescence by the woman being sufficient.

MAUCK, P. J.

Harry Hulings died leaving an estate of $30,000 and one Maud Hulings was appointed administratrix of his estate upon the supposition that she was the common law widow of the decedent. Later, one Lulu Hulings appeared and represented herself as being the widow of the decedent, whereupon the Central National Bank of Marietta was appointed administrator de bonis non.

A petition was filed in the Washington Common Pleas by Elizabeth Hulings, who claimed that she was the sister of the decedent and that she and another sister togetherr with three children of a predeceased brother are the next of kin of Harry Hulings, deceased, who, she alleged, left no widow surviving. It was asked that Lulu Cochran Hulings be adjudged to have no interest in the decedent's estate.

The question arising was whether or not Lulu Hulings was the widow of the decedent by common law marriage and the trial court found that such common law marriage existed; and rendered judgment accordingly in favor of Lulu Hulings. Error was prosecuted by Elizabeth Howard and the Court of Appeals in affirming the judgment held:

1.   The relation between the parties is to be determined by the laws of Pennsylvania where the marriage was consummated, if consummated at all; it being necessary that the court be satisfied, in order to establish a common law marriage in that state.

2.   The evidence tending to show that Lulu Hulings was married to the decedent, is abundant, it being disclosed that the neighbors recognized Lulu as Mrs. Hulings; that the decedent wrote to her as his "dear wife" many times, that she joined with him in procuring a loan on household furniture; that he joined as her husband in conveying land inherited by her; and that he paid her bills and lived with her in such a way that her marital status was unquestioned, even to the extent that his sister never knew that a ceremonial marriage had not occurred.

3.   A daughter born by this union married as a Hulings and left a son, Harry Huling Schaeffer, grandson and sole decedent of the decedent, unless his mother be deemed illegitimate.

4.   It is argued that a marriage presupposes a contract and that evidence of cohabitation and reputation cannot be resorted to where one or both parties testify to the terms of the contract itself, as was done by Lulu Hulings on the stand during the trial.

5.   The infant, Harry Schaffer, is entitled to prove his right to the succession by any evidence tending to establish his mother's legitimacy; and is not bound by Lulu Hulings (his grand mother) inability to reproduce, after 40 years, the identical language employed in consummating the informal marriage.

6.   The words of Harry Hulings, viz; "Now we are man and wife", were declarative of his marriage in verba de presenti; and the question raised as to assent on her part is not tenable since the verba de presenti need not be uttered by both.

7.   Were Harry Hulings alive, he would not be permitted to repudiate his marriage to Lulu Huling, established by a course of conduct in holding her out as his wife; nor would he be permitted to denounce his daughter by the union, the mother of Harry Schaffer, as illegitimate, after he had induced the boy's father to contract a marriage on the strength of her legitimacy.

8.   The failure to promptly assert the marriage is not to be considered against Mrs. Hulings, but is merely a circumstance in this case; and it is not to her discredit that she was somewhat ashamed of the unconventional nature of her marriage.

Judgment affirmed.

Attorneys—David Warren Jones for Howard; E. B. Follet & L. C. Barton for Bank; all of Marietta.